# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

ELIZABETH HIBBARD, Respondent, v. JAMES Q. DAYTON, Appellant, and Others.

*A judgment against an executor is not a lien upon the real estate of the deceased — when debts are charged upon the real estate by the will — when such a lien may be enforced against the proceeds arising from the sale of land of the deceased in an action for partition.*

Appeal from an order made at a Special Term overruling exceptions to a referee's report, and confirming the same.

This action was brought by the plaintiff, as one of the heirs at-law of Gertrude Crossman, for the partition or sale of certain lands in the city of New York of which Gertrude Crossman died seized. Morgan A. Dayton was an heir-at-law and also the owner of a judgment for $13,257.40 recovered by him against John A. Crossman, the executor of the deceased, for a debt due by the testatrix arising from services rendered to her. Dayton was made a party to the action. He set up these facts in his answer, and asked that by the judgment or decree to be rendered herein his debt be directed to be paid out of the sale of the premises sought to be partitioned in this action, in case the sale should be decreed, before the distribution of such proceeds among the heirs. Such proceedings were then had that the premises were directed to be sold and the proceeds deposited in court; and the matter of the claim of Dayton, and whether the judgment obtained by him was a lien upon the proceeds superior to the claims of the heirs-at-law, and, therefore, entitled to be first paid, was referred to a referee to take the evidence and report the facts, with his opinion thereon, to this court. Dayton also alleged that by the account of the defendant executor, rendered to the surrogate of the county of New York, it appeared that

the assets of Gertrude Crossman had been wholly administered, and that nothing remained to satisfy the debt owing to him, and that the assets were not sufficient in this State or elsewhere to pay the testatrix's debts.

Upon the investigation thus ordered, the existence of the debt was established by the evidence of the defendant Dayton. The judgment was shown to have been obtained, and also that a proceeding had been initiated before the surrogate for the purpose of obtaining a sale of the real estate of the testatrix for the payment of the judgment, there being no personal estate out of which it could be paid. The referee held, and so reported, that the judgment was not a lien upon the property or its proceeds, and that Dayton was not entitled by law to be paid the amount thereof in this action. Exceptions were duly taken to the referee's report, which were overruled, and the defendant Dayton duly appealed.

The court at General Term, after holding that the referee and the court below had properly held that no lien upon the property, or the proceeds of its sale, was acquired under the judgment, said: " This conclusion necessarily disposes of all propositions resting upon the effect of the judgment as a lien upon the real estate arising from its own force. The question is whether there exists in the case any element or legal principle which may be invoked for the defendant's protection. There are, it is said, about 170 persons interested in this estate, heirs-at-law, comparatively few of whom have appeared in the action, and therefore those who did not appear have had no notice of the claim of the appellant and no opportunity to contest it. The complaint as filed makes no mention of the claim, and hence no notice was given to the heirs who did not appear, and it would seem from the statements made in open court that as to the heirs who did appear the answer was not served upon them, that paper having been served upon the plaintiff's attorney only. It may be justly said from this circumstance, that all the parties interested and to be affected by the assertion and maintenance of the claim of the defendant Dayton are not in court in this proceeding and cannot, therefore, be deprived of any portion of their inheritance by any order, judgment or decree to be made on this appeal, even assuming that the referee was in error in declaring that the judgment was not a lien upon the real estate.

"It may be, nevertheless, that the defendant Dayton is not remediless. In the pursuit of the element or principle of law suggested, by which the defendant Dayton's rights may be protected, the will of the testatrix has been examined and it appears that the second paragraph is as follows: 'I will and direct that my just debts and personal expenses shall be paid out of my estate by my said executors, as soon as convenient may be, after my decease.'

"'The settled doctrine now,' as said by Story (see 2 Story's Eq. Jur., § 1246), 'is that the debts in all such cases constitute, by implication, a charge on the real estate, for whether the direction be in the introduction, or in any other part of the will, that all the debts of the testator shall be paid, or the devise be of his real estate after the payment of all his debts, it is deemed equally clear that he intends that all his debts shall be paid; which, in case of a deficiency of his personal assets, can be done only by charging his real estate. The testator is thus deemed to intend to perform an act of justice before he does an act of generosity. This course of decision has undoubtedly been produced by a strong desire on the part of courts of equity to prevent gross injustice to creditors, and to compel debtors to do that which is morally right and just; or, as it has been expressively said, *that men may not sin in their graves.'*

"Assuming this to be the law which is to govern the appellant's claim, then under the provisions of the will the debt due to Mr. Dayton, whatever it may be, was a charge upon the real estate, subject to which the heirs-at-law must receive their respective portions. This is an equitable action, and it cannot be contested that in equitable actions the court will administer its relief *ex aquo et bono*, according to its own notions of justice and equity, between the parties, and will adjust all the equitable rights of the parties interested in the premises.

"It is not restrained, as a court of law is, to a mere partition of the lands between the parties according to their interests in the same, and having a regard to the true value thereof. (*Green* v. *Putnam*, 1 Barb. [S. C.], 509; *Halsted* v. *Halstead*, 55 N. Y. 442.) For these reasons we think the defendant Dayton should be afforded a reasonable opportunity to commence such proceedings as may be necessary to enforce his claim against the proceeds of the real estate deposited to the credit of this action. Such a course would seem to

be indispensably necessary for the reason already suggested, namely, that the numerous heirs-at-law have not been advised of the claim, and in reference to his protection, for the reason that he should not be required, his lien existing to the extent already suggested, to pursue the heirs after they shall have received, by distribution or the order of the court, the amounts to which they may be respectively entitled. The lien existing under the will, *prima facie* by the recovery of a judgment, should be preserved until there shall be a determination, properly made, as to the validity of the defendant Dayton's claim."

"An order to this effect must be entered herein, allowing the defendant thirty days after the entry and service thereof for the institution of such proceedings as the defendant Dayton may be advised to take."

*Ira Shafer*, for the appellant.

*Hackett, Williams and others*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J. concurred.

Present — DAVIS, P. J., and BRADY, J.

Ordered to be entered as directed by opinion if the appellant so elect.